**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| WILLA ONLEY, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff Willa Onley, individually and on behalf of all others similarly situated, files this Class Action Complaint against Nationwide Mutual Fire Insurance Company ("Defendant"), and respectfully shows the following:

**INTRODUCTION**

1. At all pertinent times, Georgia law and Defendant's insurance policies with Plaintiff and the putative class members have required Defendant to assess for and, where found, pay damages for diminution in value of Defendant's insureds' properties resulting from covered insurance claims. Despite these obligations, upon information and belief, Defendant has never assessed its insureds' properties for diminution in value and has never paid its insureds for any diminution in value which their properties may have incurred.

2. Plaintiff Willa Onley maintained homeowners property insurance coverage with Defendant and timely reported a claim for direct physical loss to her home resulting from water damage. Defendant was required not only to pay the costs of repair but also to assess for and either pay any diminution in the fair market value of the insured property that exists despite physical

repairs of the water damage giving rise to the covered claim or deny the existence of diminished value. In violation of Georgia law and in breach of its insurance contract with Plaintiff, Defendant failed to perform an assessment of Plaintiff's property for diminution in value that exists despite physical repairs of the water damage and failed to pay Plaintiff for such diminution in value to her insured home or deny the existence of diminished value.

3. Plaintiff seeks to recover damages on behalf of herself and current and former insureds of Defendant who suffered direct physical losses to their insured properties caused by water damage, mold damage, fire damage, foundation damage, and/or structural damage but for which Defendant failed to assess and either pay diminution in value to those properties where it is found to exist or deny its existence, in breach of Defendant's insurance contracts with insureds. Alternatively, Plaintiff seeks specific performance and/or injunctive relief as remedies for Defendant's breach, requiring Defendant to fulfill its contractual obligations by performing appropriate diminished-value assessments.

## JURISDICTION AND VENUE

4. Plaintiff Willa Onley is a citizen of Georgia and resides at, and owns the property located at, 6082 Lakeshore Drive SE, Mableton, Georgia 30126-3623. At all times pertinent to this action, Plaintiff's home and property were insured under a homeowners insurance policy (Homeowners Policy) issued by Nationwide Mutual Fire Insurance Company, with Policy Number 77 10 HO 791136 (the "Policy"). The Policy of insurance was applied for and obtained in the State of Georgia.

5. Defendant Nationwide Mutual Fire Insurance Company is a foreign insurance company that is incorporated in Ohio, and which maintains its principal place of business at One

West Nationwide Boulevard, 1-04-701, Columbus, Ohio 43215-2220. Defendant maintains a registered office in the State of Georgia and is a licensed insurer in the State of Georgia.

6. Defendant has numerous agents and places of business in Georgia, some of which were located in this district, at the time the causes of action alleged herein accrued. Defendant continues to maintain agents and places of business in this district.

7. Defendant may be served with process in this action by delivering a copy of the Summons and Complaint to its registered agent for service, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1332(d)(2)(A), which provides for federal jurisdiction in class actions with minimal diversity when damages exceed five million dollars, exclusive of interest and costs. Upon information and belief, the aggregate amount at issue in this dispute exceeds five million dollars. In addition, "minimal diversity" is satisfied because at least one member of the proposed class is a citizen of a State different from Defendant. The Court has supplemental subject matter jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

8. Venue in this Court is proper pursuant to the provisions of 28 U.S.C §§ 1391(b)(2) & (d).

## ALLEGATIONS SPECIFIC TO THE NAMED PLAINTIFF

9. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

10. At all times pertinent hereto, Plaintiff maintained an insurance policy issued by Defendant.

11. Specifically, in consideration for Plaintiff's payment of premiums, Defendant issued the Policy to Plaintiff.

12. The Policy was issued in the State of Georgia.

13. The Policy was drafted by Defendant and/or its agents.

14. Plaintiff performed all contractual conditions required of her under the Policy, including the timely payment of premiums due under the Policy and the timely notification of her loss to Defendant.

15. The Policy insures against direct physical loss and obligates Defendant to settle any covered loss with its insureds.

16. Under Georgia law, such coverage includes coverage for diminution in value losses and has been, and is, part of the contracts of homeowners insurance[1] issued by Defendant to Plaintiff and to other insureds throughout the State of Georgia.

17. Under Georgia law, when insureds present first-party claims under their homeowners insurance policies for direct physical loss to their covered properties, the insurers are required not only to pay the costs of repair, but also to perform a good faith assessment for diminished value based on an appropriate uniform methodology and to pay any diminution in the fair market value of the insured property that exists despite repairs of the physical damage where it is found to exist pursuant to that assessment, or to deny the existence of such diminished value.

18. Under Georgia law, there is no duty for a policyholder to specifically make a claim for diminished value; rather, Georgia law imposes on insurers a duty to adjust claims for all losses, including diminished value, whether or not a policyholder requests payment for diminished value.

---

[1] Plaintiff use the term "homeowners insurance" to refer to any insurance policy, however titled, issued by Defendant that provides homeowners property coverage.

19. Nothing in the Policy requires Plaintiff to specifically assert a claim for diminished value as a specific element of damage.

20. Implied in every contract, including the contract of insurance wherein Defendant agreed to provide coverage to Plaintiff, is the covenant of good faith and fair dealing. Defendant had the duty to treat Plaintiff, as its insured, with the utmost good faith, and under Georgia law, insureds are entitled to expect their insurers to exercise good faith in carrying out their obligations under their policies, including assessing for diminished value and either paying it or denying its existence.

21. On April 18, 2018, Plaintiff's home and property were insured under the Policy. As of that date, the Policy provided Plaintiff with several coverages, including "Dwelling" coverage.

22. On April 18, 2018, Plaintiff's home suffered water damage to the interior of the home, which was an event covered under the Policy. Plaintiff timely reported the direct physical loss to Defendant and otherwise complied with the terms and conditions of the Policy.

23. Defendant accepted Plaintiff's claim as covered loss and assigned the claim number 080126-GH. Defendant purported to fully adjust Plaintiff's claim arising out of the loss, authorized repairs to Plaintiff's home, and subsequently paid certain repair costs with respect to the dwelling, including water remediation costs, which totaled more than $13,000.

24. At no time did Defendant indicate that it was denying any portion of Plaintiff's claim.

25. Despite the repairs to the physical damage to Plaintiff's home, as a result of this water damage to Plaintiff's property, Plaintiff alleges that the fair market value of her property was diminished.

26. At the time Defendant authorized the repairs to Plaintiff's home and adjusted the claim, however, Defendant took no action to assess any diminution in the fair market value of Plaintiff's property, and Defendant never denied the existence of diminished value.

27. Because the Policy insures against direct physical loss, it provides coverage for diminished value absent a valid exclusion for such coverage. Although Defendant issued an amendatory endorsement that purported to exclude coverage for diminished value, such endorsement was ineffective to exclude such coverage in renewal policies issued before July 1, 2018, including Plaintiff's Policy that was applicable at the time of her loss.[2]

28. Because Defendant accepted Plaintiff's claim as a covered event under the Policy, Plaintiff had every right and expectation that Defendant would fully adjust her claim for all covered losses. However, contrary to Plaintiff's justified expectation, Defendant failed to assess Plaintiff's home for diminished value and failed to pay diminished value or deny its existence as required under Georgia law.

29. Defendant purported to fully adjust the claim without notifying Plaintiff that Defendant would not assess for diminished value and either pay it or deny its existence as required by Georgia law.

30. By purporting to fully adjust the claim and by never paying diminished value or denying its existence as required under Georgia law, Defendant led Plaintiff to believe that her claim would be fully adjusted and that she would be paid for all covered losses.

31. Defendant failed to assess for Plaintiff's diminution in value loss.

32. Defendant failed to pay Plaintiff's diminution in value loss to Plaintiff.

---

[2] The amendatory endorsement was misleading in that it purported to exclude coverage for diminished value even though it was ineffective to do so.

6

33. Defendant also failed to deny the existence of diminished value.

34. By failing to account for diminution in value as an element of loss and by failing to pay Plaintiff the diminution in value of her property, Defendant breached the Policy, including the covenant of good faith and fair dealing inherent therein.

35. Defendant's breach of contract has injured and harmed Plaintiff and has proximately caused Plaintiff damages for which Plaintiff seeks recovery.

36. Plaintiff is entitled to recover damages for Defendant's breach of contract.

37. Alternatively, Plaintiff is entitled to specific performance and/or declaratory and injunctive relief requiring Defendant to perform its contractual obligations.

## CLASS ALLEGATIONS

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Plaintiff brings this action on behalf of herself and other similarly situated persons who contracted with Defendant for homeowners insurance[3] coverage for property located in the State of Georgia.

40. Defendant has issued homeowners insurance policies throughout the State of Georgia. Upon information and belief, the Policy issued to Plaintiff is a standard form policy and is the same or substantially similar in all respects material to this action, including with respect to the insuring language, to the other policies of insurance issued by Defendant to insureds throughout the State of Georgia.

41. Despite the fact that its homeowners policies of insurance provide coverage for diminution in value, upon information and belief, Defendant has systematically failed to assess for and pay diminution in value in first-party physical damage claims and has failed to establish

---

[3] *See supra* note 1.

procedures to evaluate diminished value to its insureds' homes. In addition, upon information and belief, Defendant does not mention or otherwise address diminished value to its insureds when it adjusts claims unless it is expressly raised by an insured. And Defendant does not pay diminished value.

42. Throughout a portion of the proposed class period, Defendant's homeowners policies did not define, or even mention, diminished value. Although Defendant issued an amendatory endorsement at some point during the proposed class period that purported to exclude coverage for diminished value, such endorsement was ineffective to exclude such coverage in renewal policies issued before July 1, 2018, and, therefore, was misleading in that it purported to exclude coverage for diminished value even though it was ineffective to do so. Thus, both before and after Defendant's issuance of such amendatory endorsement, members of the proposed class had no means of knowing that Defendant was required to assess for diminished value and either pay it or deny its existence.

43. Because Defendant accepted class members' claims as covered events under their policies, they had every right and expectation that Defendant would fully adjust their claims for all covered losses.

44. Defendant's failure to assess for and either pay diminution in value or deny its existence respecting first-party physical damage claims and Defendant's failure to implement procedures to handle such diminution in value claims has resulted in numerous and systematic breaches of contract by Defendant.

45. Upon information and belief, Defendant has treated all of its policyholders who have presented first-party physical damage claims under their homeowners insurance policies the

same or substantially the same way Defendant treated Plaintiff when Plaintiff presented her claim in that Defendant has failed to assess for and either pay diminution in value or deny its existence.

46. By paying only for repairs and by failing to assess for and either pay diminution in value of its insureds' properties or deny its existence, Defendant's conduct has been, and is, in violation of Georgia law and contrary to the terms, conditions, and obligations of its own contracts of insurance.

47. Plaintiff seeks certification of a class of similarly situated persons or entities in order: (a) to require Defendant to pay damages equal to the cost of performing diminished value assessments to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this civil action, presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving water damage, mold damage, fire damage, foundation damage and/or structural damage but for which Defendant failed to assess for diminished value; or (b) alternatively, to obtain an injunction and/or specific performance requiring Defendant to honor and abide by its contractual obligations by requiring (i) Defendant to perform diminished-value assessments with respect to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this action through the date of class certification, presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving water damage, mold damage, fire damage, foundation damage and/or structural damage but for which Defendant failed to perform a diminished-value assessment; and (ii) Defendant to pay any diminution in the fair market value of such properties found to exist pursuant to such diminished-value assessments or to deny the existence of any diminished value.

48. Specifically, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and all others similarly situated, as a representative of the following class:

> All persons formerly or currently insured under homeowners insurance policies issued by Defendant that provide coverage for property located in the State of Georgia who, within the period of six years preceding the commencement of this civil action through the date of class certification, presented first-party claims arising from direct physical losses to their properties as a result of water damage, mold damage, fire damage, foundation damage and/or structural damage to their homes, which are events covered by the policy, but for which Defendant failed to perform a diminished-value assessment in connection with said claims.

49. Excluded from the Class are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.

## THE CLASS MEETS THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a)

50. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51. The Class is properly brought and should be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure because it satisfies the prerequisites of numerosity, commonality, typicality, and adequacy.

52. Specifically, the members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, upon information and belief, Plaintiff alleges there are thousands of home owners in the State of Georgia who are members of the proposed Class.

53. The claims of Plaintiff and the members of the Class involve common questions of law and fact, which predominate over questions affecting only individual members of the Class and which can be answered with common proof, including, *inter alia*, the following: (1) whether Defendant's homeowners insurance policies issued in Georgia provide coverage for diminished value; (2) whether, under Georgia law and pursuant to Defendant's homeowners insurance policies, Defendant is required to assess for any diminution in value to insured properties sustained as the result of water damage mold damage, fire damage, foundation damage, and/or structural damage where such damage is a covered event under the applicable insurance policy; (3) whether Defendant failed to assess for diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to insured properties caused by water damage, mold damage, fire damage, foundation damage, and/or structural damage, which are covered events under the policies; (4) whether Defendant breached the terms of the homeowners insurance policies by failing to assess Class members' properties for any diminished value that exists despite physical repairs; (5) whether the claims of Plaintiff and members of the Class arise from the same conduct constituting Defendant's breach of the homeowners insurance policies; (6) whether Defendant's practices complained of herein should be enjoined or Defendant should be ordered to specifically perform its contractual obligations; and/or (7) whether Plaintiff and members of the Class are entitled to damages as a result of Defendant's breach of its contractual obligations.

54. Plaintiff's claim is typical of those of the members of the Class because her claim has the same essential characteristics as the claims of the Class members, and their claims arise from the same course of conduct by Defendant. Plaintiff and all of the members of the Class maintain, or have maintained, physical damage insurance coverage pursuant to homeowners

11

insurance policies issued by Defendant containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses. Plaintiff's claim arises out of standard form contracts of insurance that have not been performed due to the uniform policies, practices, and procedures of Defendant that omit or conceal Defendant's obligation to assess for and pay diminution in value. Upon information and belief, Defendant has developed policies, practices, and procedures for the adjustment and settlement of claims that omit or conceal reference to, consideration of, assessment for, and payment for diminution in value. Upon information and belief, Defendant applies these policies, practices, and procedures in a similar fashion to Plaintiff and all other members of the Class. Plaintiff and the members of the Class all made claims upon Defendant for adjustment of first-party physical damage claims as a result of water damage, mold damage, fire damage, foundation damage and/or structural damage to their properties, which are events covered under the insurance policies. When adjusting such claims, Defendant failed to perform a diminished-value assessment for diminished value losses to Plaintiff and the members of the Class. Each Class member's contract of insurance was breached by Defendant in a substantially similar manner, i.e., by Defendant's failure to perform an assessment for diminution in value and either pay such diminished value or deny its existence.

55.     Plaintiff will fairly and adequately represent the interests of all members of the Class. Plaintiff's claim is common to all members of the Class, and Plaintiff has strong interests in vindicating her rights. Plaintiff is represented by counsel experienced in complex and class action litigation.

**THE CLASS MEETS THE REQUIREMENTS OF RULE 23(b)**

56. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57. The Class may be maintained pursuant to Rule 23(b)(1), (b)(2), (b)(3), and/or (c)(4).

58. Certification of the Class is appropriate pursuant to Rule 23(b)(1)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant. Certification of the Class is likewise appropriate pursuant to Rule 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

59. Certification of the Class is also appropriate pursuant to Rule 23(b)(2). Defendant has acted or refused to act on grounds that apply generally to the members of the Class, so that final injunctive relief is appropriate respecting the Class as a whole. Defendant has systematically breached the contracts of insurance by failing to evaluate and pay diminution in value losses to its insureds in a manner which is generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole. In particular, any final injunctive would apply to the entire Class as the rights of all Class members under the terms of the homeowners insurance policies can be addressed in one order requiring Defendant to perform a good faith assessment for and, where found, pay diminution in value with respect to policyholders who presented first-party physical damage claims arising from direct physical losses to their

insured properties caused by water damage, mold damage, fire damage, foundation damage and/or structural damage, which are covered events under the policies.

60. Certification of the Class is also appropriate pursuant to Rule 23(b)(3) because common questions of law and fact that exist as to all members of the Class are central to the adjudication of this action and predominate over any questions solely affecting individual members of the Class.

61. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy in that, among other factors:

(a) The interests of the Plaintiff and members of the Class in individually controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action;

(b) The expense of prosecuting Plaintiff's and Class members' claims individually would significantly exceed any economic benefit Plaintiff or Class members could realize individually, and individual litigation would overload court dockets and magnify the delay and expense to all parties making individual litigation of liability and damages claims economically impractical and infeasible;

(c) It is desirable that litigation of the claims occur for the Class in this forum to preserve the resources of both the Courts and the litigants, and to reduce the risk of varying and inconsistent adjudications that could occur in individual adjudications; and

(d) Little, if any, difficulty is likely to be encountered in management of this class action because applicable law will uniformly apply to the claims of the Class.

62. In the alternative, or in addition to certification under Rule 23(b), Plaintiff seeks certification of the Class under Rule 23(c)(4), which provides that an action may be brought or

maintained as a class action with respect to particular issues.  Under Rule 23(c)(4), certification is appropriate when a plaintiff establish a class under Rule 23(a), and when a common issue threads through the case.

63.	In particular, Plaintiff seeks certification of the liability aspects of the claims asserted, including but not limited to whether Defendant's homeowners insurance policies provide coverage for diminished value, whether Defendant's homeowners insurance policies required Defendant to assess for diminished value, and whether Defendant breached the homeowners insurance contracts by failing to assess for diminished value. Because Defendant's conduct was uniform with respect to all members of the Class in that it failed to assess for and pay diminution of value, this issue is suited for class-wide issue resolution under Rule 23(c)(4).

## COUNT 1 – BREACH OF CONTRACT
### (FAILURE TO COVER AND ASSESS FOR DIMINISHED VALUE)

64.	Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65.	During the relevant class period, Plaintiff and all members of the Class maintained coverage against risks of direct physical loss to their properties under policies of homeowners insurance issued by Defendant.  These policies of homeowners insurance were drafted by the Defendant and/or its agents and are accordingly construed against Defendant.

66.	Implied in every contract, including the contracts of insurance wherein Defendant agreed to provide homeowners insurance coverage to Plaintiff and the members of the Class, is the covenant of good faith and fair dealing.  Defendant had a duty to treat Plaintiff and the members of the Class with the utmost good faith, and under Georgia law, insureds are entitled to expect their insurers to exercise good faith in carrying out their obligations under their policies, including assessing for diminished value and either paying it or denying its existence.

67. During the relevant class period, Plaintiff and the other members of the Class all made first-party claims against Defendant for water damage, mold damage, fire damage, foundation damage, and/or structural damage to dwellings, which were covered claims under the homeowners insurance policies issued by Defendant.

68. Water damage, mold damage, fire damage, foundation damage and structural damage have the potential to cause diminished value due to stigma even after physical repairs.

69. As part of its contractual obligations to Plaintiff and members of the Class, Defendant was required to perform good-faith assessments for diminished value of Class members' homes based on an appropriate uniform methodology when it adjusted Class members' claims and either pay any such diminished value found to exist or deny its existence.

70. Despite being required to do so by its policies of homeowners insurance and Georgia law, Defendant failed to perform an assessment for the diminution-in-value losses of Plaintiff and the Class members.

71. By failing to perform an assessment for diminution in value as an element of loss, Defendant breached the homeowners insurance contracts, including the covenant of good faith and fair dealing inherent therein.

72. The breaches of contract by Defendant have injured and harmed Plaintiff and the Class members and have proximately caused them damages.

73. Plaintiff and members of the Class have been damaged by Defendant's failure to assess for diminished value regardless of whether or not diminished value actually exists because Defendant's insureds are entitled to know whether or not their homes sustained diminished value and because Defendant was obligated to assess for such diminished value under the policies and Georgia law.

74. Plaintiff and the members of the Class are entitled to recover damages from Defendant for breach of contract arising from Defendant's failure to perform diminished-value assessments. Accordingly, Plaintiff sues on behalf of herself and the Class members in order to recover amounts due to members of that Class based upon Defendant's failure to perform diminished-value assessments in the aforesaid first-party claims of Plaintiff and the Class members.

75. Alternatively, because monetary relief is not adequate to remedy the harm caused by Defendant's failure to assess for diminished value in breach of the homeowners insurance contracts, Plaintiff seeks specific performance and/or a declaration and an order enjoining Defendant's nonperformance to prevent irreparable harm to Plaintiff and the Class which requires Defendant to comply with its contractual obligations.

## COUNT 2– ATTORNEYS' FEES AND OTHER EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

76. Throughout the course of events described in this Complaint, Defendant has acted in bad faith, been stubbornly litigious, and/or has caused Plaintiff and members of the Class undue trouble and expense.

77. As a result, Plaintiff and members of the Class are entitled to recover attorneys' fees, costs, and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, the Plaintiff prays:

(a) that summons and process issue to the Defendant as required by law;

(b) that Plaintiff, individually, recover compensatory damages for the injuries and damages she has incurred in an amount proven at trial;

(c) that this Court certify the Class requested herein, and that the Court find and conclude that Plaintiff is an appropriate representative of these Class;

(d) that this Court find and conclude that the undersigned counsel fairly and adequately represent and protect the interests of the Class requested herein, and certify the undersigned counsel to act as counsel for these Class;

(e) that judgment be entered against Defendant finding that Defendant breached the homeowners insurance contracts by failing to assess for diminished value;

(f) that judgment be entered against Defendant in such amount as will fully and adequately compensate Plaintiff and the other members of the Class;

(g) that this Court issue an order requiring that Defendant specifically perform its obligations under the homeowners insurance contracts in effect and/or enjoining any non-performance by Defendant under the homeowners insurance contracts;

(h) that this Court award Plaintiff and members of the Class their costs and attorneys' fees pursuant to O.C.G.A. § 13-6-11;

(i) that Plaintiff have a trial by jury with respect to the legal claims; and/or

(j) that this Court grant such other and further relief as it deems just and proper under the premises.

Respectfully submitted this 17th day of April 2019.

      /s/ Adam P. Princenthal
Adam P. Princenthal (GA Bar No. 588219)
PRINCENTHAL & MAY, LLC
750 Hammond Drive
Building 12, Suite 200
Atlanta, Georgia 30328
Telephone: (678) 534-1980
adam@princemay.com

[Additional counsel listed on next page]

Richard Kopelman (GA Bar No. 428115)
Clint W. Sitton (GA Bar No. 649420)
KOPELMAN SITTON LAW GROUP, LLC
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328
Phone: 404-351-5900
clint@kopelmansitton.com
richard@kopelmansitton.com

C. Cooper Knowles (GA Bar No. 426699)
THE LAW OFFICE OF C. COOPER KNOWLES, LLC
750 Hammond Drive
Building 12, Suite 350
Atlanta, Georgia 30328
Telephone: (770) 668-2081
cknowles@cckfirm.com

Michael J. Brickman (SC Bar No. 00874)
Kimberly Keevers Palmer (SC Bar No. 66496)
Nina Fields Britt (SC Bar No. 68294)
James C. Bradley (SC Bar No. 16611)
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, South Carolina 29465
Telephone: (843) 727-6500
mbrickman@rpwb.com
kkeevers@rpwb.com
nfields@rpwb.com
jbradley@rpwb.com

*Attorneys for Plaintiff*